UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 5:21-cv-00149-MCS-SP | Date March 15, 2021 |
| Title *Kwang Nam Kang et al. v. Allied Consultants, Inc. et al.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER REMANDING ACTION (ECF No. 11)

Before the Court is Plaintiffs' Motion to Remand this matter to state court because Defendant Allied Consultants, Inc. failed to remove within 30 days after Plaintiffs served Allied with the Complaint. *See* Mot., ECF No. 11 (citing 28 U.S.C. § 1146(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."). Allied responds that Plaintiffs' agreement to extend Allied's answer deadline in state court amounts to waiver of the 30-day removal requirement. *See* Opp., ECF No. 12.[1]

The statutory removal deadline is "imperative and mandatory, must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975). Absent extraordinary circumstances, it cannot be extended by agreement. *Gallardo v. First Horizon Home Loans*, 2020 WL

---

[1] The Court deems this matter appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

| Page 1 of 2 | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk SMO |
|---|---|---|

3414711, at *2 (D. Ariz. June 22, 2020) (remanding action due to untimely removal and observing "that the statutory removal deadline is not subject to an extension by [the] consent of the parties or order of the court.") (internal quotations and citation omitted).

Here, there was not even an agreement to extend the removal deadline, let alone an enforceable one. Allied does not and cannot cite authority permitting removal after the 30-day period due to an agreement to extend a state court answer deadline. The Court declines Allied's unfounded invitation to create a new exception to the statutory removal deadline. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted). The Court, in its discretion, declines Plaintiffs' request for attorneys' fees. *Moore v. Tech. Props. Ltd., LLC*, 2011 WL 13244878, at *2 (N.D. Cal. Apr. 12, 2011) (declining fee request, noting that "section 1447(c) provides that '[a]n order remanding the case may require payment of just costs and any actual expenses,' which has been interpreted to mean that in an order remanding the case, a court may either award or not award fees at the court's discretion.") (citing *Moore v. Permanente Medical Grp.*, 981 F.2d 443, 446 (9th Cir. 1992)).

This action is **REMANDED** to the Superior Court of California for the County of San Bernardino, Case No. CIV DS 2016902. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**